6 P.3d 408

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Timothy ANDERSON, Defendant–Appellant.**

No. 25400.

Court of Appeals of Idaho.

July 3, 2000.

Roark Law Firm, Hailey, for appellant. D. Doug Nelson argued.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

LANSING, Judge.

Pursuant to an Idaho Criminal Rule 11 plea agreement, Timothy Anderson appeals the denial of his motion to suppress evidence.

## FACTUAL AND PROCEDURAL BACKGROUND

Shortly after midnight on February 8, 1998, Blaine County Sheriff's Deputy Curtis Miller was traveling northbound on Highway 75, which was partially covered with a light coating of snow. Between the towns of Hailey and Ketchum, Deputy Miller observed a 1976 white Plymouth Fury traveling on the shoulder of the highway. Highway 75 at that point has two northbound lanes. According to Deputy Miller's later testimony, the left-side northbound lane was wet while the right-side lane was lightly snow covered. Although snow obscured the fog line separating the right-hand lane from the shoulder, Miller could see the dividing line between the two northbound lanes and thereby determine the location of both traffic lanes. While the dep-

uty followed, the Plymouth continued traveling outside of the lane boundary on the shoulder of the highway. The car went through a "right turn only" lane without turning and proceeded onward into a slow vehicle turnout area. At that point, Deputy Miller pulled the car over and determined that the driver was Timothy Anderson.

After noticing the odor of alcohol emanating from inside the vehicle, Deputy Miller requested that Anderson perform field sobriety tests. Anderson failed the horizontal gaze nystagmus test and was arrested after he said that he was too intoxicated to perform the other sobriety tests. The results of Anderson's breathalyzer test showed that his blood alcohol concentration was .17. Anderson was charged with driving under the influence of alcohol, Idaho Code § 18–8004, and driving without privileges, I.C. § 18–8001.

Anderson moved to suppress all evidence obtained as a result of the traffic stop, claiming that the stop was unconstitutional because he had not violated any traffic laws prior to being pulled over by the deputy. After an evidentiary hearing, the magistrate denied the motion. Anderson then pleaded guilty to the DUI charge, reserving the right to appeal the denial of his suppression motion. The district court affirmed the denial of his motion, and Anderson now pursues this further appeal.

Anderson argues that the evidence of his intoxication should have been suppressed because the traffic stop was unlawful. He contends that the deputy did not have reasonable suspicion to believe that Anderson had violated any traffic laws. Anderson maintains that the only reason for the traffic stop was his driving over the fog line, and he asserts that this conduct was not illegal in the circumstances because the fog line was covered by snow.

## ANALYSIS

When this Court reviews a case on appeal from a district court's intermediate appellate decision, we will give due regard to the district court's ruling but conduct our own independent review of the magistrate's

decision. *Ausman v. State,* 124 Idaho 839, 840, 864 P.2d 1126, 1127 (1993); *State v. Thompson,* 130 Idaho 819, 821, 948 P.2d 174, 176 (Ct.App.1997). In this case, the appeal turns upon the proper application of law to uncontroverted facts. In such circumstance, this Court exercises free review of the magistrate court's conclusions of law. *State v. Sevy,* 129 Idaho 613, 614, 930 P.2d 1358, 1359 (Ct.App.1997).

■ The issue presented is whether the stop of Anderson's vehicle violated the Fourth Amendment to the United States Constitution. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse,* 440 U.S. 648, 653, 99 S.Ct. 1391, 1395, 59 L.Ed.2d 660, 667 (1979); *State v. Atkinson,* 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App.1996). The standards of the Fourth Amendment allow a limited investigative detention of an individual if the police officer who seized the individual has reasonable suspicion that the person has committed or is about to commit a criminal act. *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889, 911 (1968); *State v. DuValt,* 131 Idaho 550, 552–53, 961 P.2d 641, 643–44 (1998); *Sevy,* 129 Idaho at 615, 930 P.2d at 1360. The police officer's suspicion must be premised upon specific articulable facts and the rational inferences drawn from those facts. *Terry,* 392 U.S. at 21, 88 S.Ct. at 1879, 20 L.Ed.2d at 905; *State v. Gallegos,* 120 Idaho 894, 896–97, 821 P.2d 949, 951–52 (1991). The reasonableness of the suspicion is to be evaluated upon the totality of the circumstances at the time of the stop. The "whole picture" must yield a particularized and objective basis for suspecting that the individual being stopped is or has been engaged in wrongdoing. *United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 694–

95, 66 L.Ed.2d 621, 628–29 (1981); *Sevy, supra: State v. McAfee,* 116 Idaho 1007, 1009, 783 P.2d 874, 876 (Ct.App.1989).

■ In the present case, we conclude that Deputy Miller possessed reasonable suspicion of a traffic violation, which justified the stop of Anderson's vehicle. Miller said that he noticed Anderson's vehicle because it "was a considerable distance to the right" of the proper lane of traffic. The line of travel of Anderson's vehicle concerned Miller because of the potential that the vehicle would hit something along the side of the road, such as a road sign, a person, or a parked car. Miller thought there was a risk that Anderson might completely run off the road if he continued to drive on the shoulder. Before making the traffic stop, the deputy observed Anderson drive through a right turn lane and through a slow vehicle turnout. He recognized that Anderson's car was approaching a bridge within approximately one mile. Deputy Miller testified that he stopped Anderson because: "I thought he was a hazard," and was "very concerned that if he kept driving— or traveling on the right that, you know, he might hit something, run off the road." Deputy Miller's observations provided a reasonable basis to believe that the driver was failing to keep the vehicle within the roadway and was driving inattentively.

Idaho Code § 49–630(1) requires that a vehicle be driven on the right half of the roadway, except in certain circumstances which are not applicable in this case.[1] The "roadway" means that portion of a highway that is "improved, designed or ordinarily used for vehicular travel." I.C. § 49–119(18). It does not include "sidewalks, shoulders, berms [or] rights-of-way." *Id.* Anderson argues that he should not be subject to an investigative detention for driving outside of the traffic lanes when the fog line was obscured by snow. In our view, however, snow cover on the fog line would not inevitably

---

1. Section 49–630(1) provides, in pertinent part:

    (1) Upon all highways of sufficient width a vehicle shall be driven upon the right half of the roadway except as follows:

    (a) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;

    (b) When an obstruction exists making it necessary to drive to the left of the center of the highway....;

    (c) Upon a highway divided into three (3) marked lanes for traffic under the applicable rules; or

    (d) Upon a highway restricted to one-way traffic.

excuse such a violation when the visibility of the line separating traffic lanes permitted drivers to ascertain the location of the roadway as Deputy Miller was able to do. Hence, the deputy possessed reasonable suspicion that Anderson was violating § 49–630 for driving on the shoulder of the highway, rather than on the "roadway," when the traffic stop was effectuated.

Additionally, Miller had reason to suspect inattentive driving, a violation of I.C. § 49–1401(3), which occurs when "the conduct of the operator has been inattentive, careless or imprudent, in light of those circumstances then existing." Anderson's acts of driving outside of the traffic lane on the shoulder of the highway for an extended distance, through a "right-turn only" lane, and then along a slow vehicle turnout, could qualify as "inattentive, careless, or imprudent." Thus, the deputy was justified in making a traffic stop to investigate the reason for Anderson's unusual driving behavior.

Deputy Miller's observations provided the reasonable suspicion necessary for a lawful traffic stop. Consequently, Anderson's motion to suppress the evidence of his intoxication was correctly denied. The order denying Anderson's suppression motion is affirmed.

Chief Judge PERRY and Judge Pro Tem SWANSTROM concur.