26 P.3d 1222

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael McCALL, Defendant–Appellant.**

No. 25869.

Supreme Court of Idaho.

Twin Falls, March 2001 Term.

May 30, 2001.

Rehearing Denied July 17, 2001.

Ronaldo A. Coulter, State Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General, Boise; for respondent.

KIDWELL, Justice.

Michael McCall appeals the judgment of conviction entered pursuant to his conditional guilty plea to felony possession of methamphetamine in violation of I.C. §§ 37–2732(c)(1) and 37–2707(d)(2).

## I.

## FACTS AND PROCEDURAL BACKGROUND

In November of 1998, law enforcement officials suspected that defendant Michael McCall was involved in narcotics trafficking. This suspicion arose after an informant told authorities that McCall was moving quantities of controlled substances in the Twin Falls area. McCall had recently been released from prison in August of 1998 after serving 30 months for the manufacturing of methamphetamine.

During December of 1998, McCall was living at 525 Jefferson Street in Twin Falls. McCall alternated between two residences located on this property. One residence was the home of McCall's mother; the other was a fifth-wheel trailer parked in back of the home. McCall was part-owner of the fifth-wheel trailer.

McCall's mother, Diana Newman, had two trash cans at her residence on Jefferson Street. One was a blue PSI can provided by the city and the other was an old silver-colored trash can. The cans were typically located by the side of the driveway on the property. Newman testified that garbage collection occurred on Thursdays and that a friend who stayed with her typically set the cans out for collection. When the trash cans were not set out for collection, they were located approximately twelve to fourteen feet from the street and approximately thirty feet from her home. She confirmed that the garbage cans were not next to her home, a garage, or an out-building. Further, she stated that at times she would set old clothes by a garbage can in order for people passing by to have the opportunity to pick through the items.

Elmer Higgins, who resided with Newman, testified that he was the one who regu-

larly set the garbage out for collection. He testified that when he set the cans out for collection, he set them seven feet away from Jefferson Street, which is about twenty to twenty-five feet from the house.

On December 9, 1998, Detectives Dennis Rinehart and Brian Lee of the Twin Falls City Police Department drove by McCall's residence on Jefferson Street. They spotted a silver-colored garbage can next to McCall's fifth-wheel trailer. The detectives returned to the residence on Thursday, December 10, 1998, at approximately 5:00 a.m. Upon arriving, the detectives noted that there was a blue PSI trash can and a silver-colored trash can placed next to the roadway for regular trash collection. Both cans had been moved next to the street, with the silver-colored trash can being located approximately three feet from the street. Detective Rinehart testified that he was on the city right-of-way when he removed six bags of trash from the cans and transported the trash to the Twin Falls Police Department. The detectives located items that appeared to be controlled substances within the bags. These items were subsequently sent to a lab for evaluation. Another similar trash pull was performed on January 14, 1999.

Based on information obtained from the trash pulls, Detective Lee obtained a search warrant. Methamphetamine, propoxyphene, and drug paraphernalia were discovered in McCall's fifth-wheel trailer. McCall was charged with possession of methamphetamine and possession of amphetamine with intent to deliver.

Defense counsel filed a motion to suppress, asserting that the warrantless search of this garbage violated Article I, § 17 of the Idaho Constitution. The trial court heard arguments on the motion to suppress on June 8, 1999. The district court denied McCall's motion.

Following the denial of his motion to suppress, McCall entered a conditional plea of guilty to possession of methamphetamine, reserving his right to appeal the denial of his motion to suppress. McCall's timely notice of appeal followed.

## II.

### STANDARD OF REVIEW

■ In *State v. Donato*, 135 Idaho 469, 20 P.3d 5 (2001), this Court set forth the standard of review applicable to an order granting or denying a motion to suppress evidence. *Id.* at 470, 20 P.3d at 6. The Court noted, "In reviewing an order granting or denying a motion to suppress evidence, this Court will defer to the trial court's factual findings unless clearly erroneous. However, free review is exercised over a trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found." *Id.* (internal citations omitted).

## III.

### ANALYSIS

**A. THE DISTRICT COURT DID NOT ERR IN HOLDING THAT A PERSON HAS NO REASONABLE EXPECTATION OF PRIVACY IN GARBAGE LEFT OUTSIDE THE CURTILAGE OF HIS PROPERTY FOR COLLECTION.**

■ In *Donato*, this Court addressed the issue of whether Article I, § 17 of the Idaho Constitution provides greater protection to privacy rights than those afforded by the U.S. Constitution. *Id.* at 471–74, 20 P.3d at 7–10. Like McCall, the defendant in *Donato* was convicted of drug charges stemming from evidence taken from a garbage can set out for collection. *Id.* at 470, 20 P.3d at 6.

In *Donato*, this Court examined the purposes behind Article I, § 17 of the Idaho Constitution and noted the similarity between both the language and purpose to the Fourth Amendment of the U.S. Constitution and the Idaho constitutional provision. *Id.* at 471, 20 P.3d at 7. The Court explored and approved the U.S. Supreme Court holding in *California v. Greenwood*, 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988), where the Supreme Court concluded there was no reasonable expectation of privacy in garbage set out for collection in an area accessible to the public. *Donato* at 471–74, 20 P.3d at 7–10.

In reaching its decision to affirm the denial of Donato's motion to suppress, the Court analyzed various Idaho cases where it expanded protection afforded by Art. I, § 17 of the Idaho Constitution. *Id.* at 472–73, 20 P.3d at 8–9. Citing *State v. Webb*, 130 Idaho 462, 943 P.2d 52 (1997), *State v. Guzman*, 122 Idaho 981, 842 P.2d 660 (1992), and *State v. Thompson*, 114 Idaho 746, 760 P.2d 1162 (1988), the *Donato* Court determined that none of the factors in *Donato*, "support a divergence from the interpretation of the Fourth Amendment by the United States Supreme Court. . . ." *Donato* at 472, 20 P.3d at 8.

The conclusion set forth in *Donato* summarizes this Court's view on the issue of whether a defendant has a reasonable expectation of privacy in trash left out for collection:

> We conclude the rule enunciated in *Greenwood* is the proper interpretation of the protections provided by Article I, § 17 of the Idaho Constitution. Donato has no reasonable expectation of privacy in items deposited in a public area, conveyed to a third-party for collection, and "readily accessible to animals, children, scavengers, snoops, and other members of the public." *Greenwood*, 486 U.S. at 40 [, 108 S.Ct. at 1628, 100 L.Ed.2d at 36]. The order of the district court denying Donato's motion to suppress the evidence seized from his garbage is affirmed.

*Id.* at 474, 20 P.3d at 10.

In this case, following arguments on the defendant's motion to suppress, the judge noted that a reliable, named informant had indicated that McCall was involved in illegal drug trafficking. This, together with McCall's prior drug involvement, gave the officers the right to make the trash pull on December 9, 1998. Further, under Article I, Section 17, of the Idaho Constitution, a garbage search was in fact appropriate in this case. The judge went on to find it relevant that Newman, the owner of the property and co-owner of the fifth-wheel trailer, "actually places items in and about her garbage receptacles and does not mind and has observed persons coming by, picking up those items, clothes, other items, and so the scavenger argument in *Greenwood* . . . is a found fact in

this case." The trial court ultimately concluded that "under Article I, Section 17, Ms. Newman as well as Mr. McCall had no reasonable expectation of privacy under the *Katz* criteria. . . ."

The facts which give rise to McCall's appeal closely parallel those in *Donato*. Because McCall has not set forth any arguments or facts which can distinguish his situation from that encountered in *Donato*, this Court affirms the decision of the district court to deny McCall's motion to suppress.

## B. THIS COURT NEED NOT ADDRESS WHETHER THE GARBAGE CANS WERE WITHIN THE CURTILAGE OF MCCALL'S PROPERTY.

We note that a person's expectation of privacy may be heightened in regards to items located within the curtilage of that person's home. However, we find that the case before us does not implicate such heightened protection. The issue of whether the search of McCall's garbage was lawful does not turn on whether McCall's garbage was within the curtilage of his home. Instead, the determining factor in this case centers around McCall's obvious waiver of his expectation of privacy that occurred when McCall's garbage was placed out for collection.

This holding is in accordance with the majority of courts that have addressed this issue. *See State v. Sampson*, 362 Md. 438, 449–52, 765 A.2d 629, 635–36 (2001) (noting, "In the more normal case of containers left at or near public streets, alleys, or other areas readily accessible to the public, there has been near unanimity in finding no reasonable expectation of privacy, whether or not the containers are technically within the curtilage").

## IV.

## CONCLUSION

As this Court previously held in *Donato*, a person does not have a reasonable expectation of privacy in garbage placed out for collection. This Court need not address the

issue of whether or not the garbage was within the curtilage of McCall's home. The district court's decision to deny McCall's motion to suppress is affirmed.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS, and EISMANN concur.