95 P.3d 635

STATE of Idaho, Plaintiff–Respondent,

v.

Gerald Michael ANDERSON, Defendant–Appellant.

State of Idaho, Plaintiff–Respondent,

v.

Elberteen Louise Pearson–Anderson, Defendant–Appellant.

Nos. 27670, 27671.

Supreme Court of Idaho, Boise, April 2004 Term.

July 23, 2004.

Watson Law Offices, Coeur d'Alene, for appellant Gerald Michael Anderson. Roland D. Watson argued.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant Elberteen Louise Pearson–Anderson. Sara B. Thomas argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

SCHROEDER, Justice.

Gerald Michael Anderson ("Michael") and Elberteen L. Pearson–Anderson ("Tina") (together referred to as the "Andersons") appeal from the judgment of conviction entered upon conditional guilty pleas to trafficking in methamphetamine. The Andersons challenge the use of evidence obtained in a warrantless search of their home. The State asserts that the search was authorized under conditions of release on bail contained in a district court order entered in a prior case. The district court denied the Andersons' motion to suppress evidence of methamphetamine manufacturing found during the search and Michael's motion to suppress statements made during an interrogation. The Andersons appeal.

## I.

### FACTS AND PROCEDURAL HISTORY

Michael entered a conditional guilty plea to a charge of trafficking in methamphetamine by manufacture on March 6, 2000. Tina was found guilty of the same charge at the conclusion of a jury trial. Both were sentenced on April 19, 2000, and both appealed the district court's denial of motions to suppress filed in each case. They were released on

bail pending appeal, subject to the condition that they were subject to warrantless searches of their home and personal property. The order granting release containing the condition was written by the Andersons' attorney but was not signed by the Andersons before it was entered by the district court.

On January 9, 2001, seven law enforcement officers led by Detective Elizabeth Bradbury of the Idaho State Police arrived at the Anderson home in Spirit Lake. The police had received tips from a neighbor who had detected the odor of what she suspected to be a methamphetamine lab. The parties dispute whether the officers first smelled the odor of methamphetamine production before or after entering the home; however, the district court found that it was not until after entry that the police confirmed the existence of drug production. When Detective Bradbury and the other officers entered the Andersons' home to investigate, Tina came out of the bathroom area. Detective Bradbury asked her if she knew why they were there. According to Detective Bradbury's testimony, Tina answered affirmatively. Inside the home the police observed material which they suspected was being used to manufacture methamphetamine. They also detected an odor which they associated with a methamphetamine laboratory.

Following the initial entry into the trailer, but before seizing the methamphetamine manufacture materials, officer Terry Morgan sought and received a search warrant based largely on the observations of the officers made during the January 9, 2001, incursion into the Anderson home. Prior to seeking a search warrant, Michael was arrested, read his Miranda rights, and interviewed by Morgan at the Kootenai County Jail. Mike admitted to the manufacture of methamphetamine. Under the search warrant, the officers returned to the Andersons' home and the manufacturing materials were seized.

The Andersons entered conditional guilty pleas under the stipulation that they would have the right to appeal the district court's denial of the motion to suppress the evidence found during the January 9, 2001 search and interrogation. The events leading to and issues involved in this appeal concerning the search are identical. The Andersons' cases were combined, and the decisions on that issue are the same as to each. Michael presents a separate issue concerning his interrogation.

## II.

## THE POLICE HAD REASONABLE SUSPICION JUSTIFYING THE SEARCH

### A. Standard of Review

In all cases when questions of law are presented, this Court is not bound by the district court's findings, but is free to draw its own conclusions from evidence presented. *Auto. Club Ins. Co. v. Jackson*, 124 Idaho 874, 876, 865 P.2d 965, 967 (1993).

Warrantless searches are presumptively unreasonable. *State v. Woolery*, 116 Idaho 368, 370, 775 P.2d 1210, 1212 (1989), *cert. denied* 511 U.S. 1057, 114 S.Ct. 1623, 128 L.Ed.2d 348 (1994). The burden of proof rests with the State to demonstrate that the search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.*

### B. The search conducted on January 9, 2001, was reasonable under the circumstances.

Idaho has not defined the extent of privacy rights held by a person who has been convicted, sentenced, and released on bail pending appeal. In a related area, nonconsensual warrantless searches of probationers and their property by probation or parole officers constitute an exception to the warrant requirement independent of consent. *State v. Pinson*, 104 Idaho 227, 657 P.2d 1095 (Ct.App.1983). Under limited circumstances, a probationer's home may be searched without a warrant and without probable cause. *Griffin v. Wisconsin*, 483 U.S. 868, 872–73, 107 S.Ct. 3164, 3167–68, 97 L.Ed.2d 709, 716–17 (1987). The reasonable grounds standard for a warrantless parole search requires less proof than the standard of probable cause. *Pinson*, 104 Idaho at 232–33, 657 P.2d at

1100–01. Recently, the United States Supreme Court held:

> When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable.

*United States v. Knights,* 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001).

Idaho has not determined whether an individual released after conviction, but not yet on probation or parole, has a reduced expectation of privacy. Other courts that have addressed the issue have concluded that such individuals are to be treated similarly to probationers and parolees. In *State v. Fisher,* 145 Wash.2d 209, 35 P.3d 366 (2001), the Washington Supreme Court held that a bench warrant for the arrest of a convicted felon who had been released subject to conditions set by the court was correctly based upon reasonable suspicion, rather than probable cause. *Id.* at 376. The court explained that the convicted defendant had a diminished expectation of privacy because of the State's continued interest in supervising convicted defendants. *Id.*

Similarly, the Washington Court of Appeals concluded that the state has a continued interest in convicted felons who are released pending appeal. In *State v. Lucas,* 56 Wash.App. 236, 783 P.2d 121 (1991), the court explained:

> Lucas has been convicted but execution of the judgment and sentence has only been stayed due to his appeal.... While the stay of execution acts to preserve the status quo, it does not release him from his obligation to serve the full penalty imposed by the sentence.... The stay merely suspends the power of the trial court to issue execution of the judgment and sentence.

*Id.* at 241, 783 P.2d at 124–25. (Citations omitted). The court concluded Lucas should expect close scrutiny by the State. *Id.* at 241, 783 P.2d at 125.

In *United States v. Kills Enemy,* 3 F.3d 1201 (8th Cir.1993), the defendant contended that because, upon his conviction, the court continued his pretrial release, he was not subject to the same abridgment of his Fourth Amendment rights as a probationer or parolee. The Eighth Circuit Court of Appeals rejected the argument:

> A convicted person awaiting sentence is no longer entitled to a presumption of innocence or presumptively entitled to his freedom.... As with the parole and probation cases, there is a heightened need for close supervision of the convicted person's activities to protect society and the releasee himself, and the releasee is entitled only to conditional liberty.... In particular, in cases involving drugs, authorities supervising the convict "must be able to act based on a lesser degree of certainty that the Fourth Amendment would otherwise require in order to intervene before [the person] does damage to himself or society." *Griffin,* 483 U.S. at 879, 107 S.Ct. at 3171, 97 L.Ed.2d at 721.

*Id.* at 1203.

In Idaho a convicted felon admitted to bail pending appeal is subject to conditions ordered by the trial court. I.C.R. 46(b) and (d). Thus, the Andersons had a lesser degree of liberty and a resulting reduced expectation of privacy. Because their convictions were for drug crimes, a heightened need of supervision was necessary to protect them and society. Because of the Andersons' reduced expectation of privacy, the police needed only a reasonable basis to conduct a warrantless search of their home.

In its opinion, the district court stated:

> [W]hile the unconfirmed tips from a neighbor of the Andersons and from Spirit Lake police would not, by themselves, be sufficient to establish probable cause for the issuance of a search warrant, I find that they are sufficient to give the officers reasonable grounds to conduct the search in this case. I also find that because the initial search of the Anderson residence consisted of a visual sweep to determine whether any controlled substances were present, it was reasonably related to disclosure or confirmation of the presence of controlled substances within the residence.

Although reputation alone is insufficient to establish reasonable grounds,[1] the Andersons' convictions and past drug history, combined with the rumors and reports of both the Spirit Lake police and the Andersons' neighbor are sufficient to establish reasonable grounds for the search.

## III.

### MICHAEL ANDERSON'S SIXTH AMENDMENT RIGHTS WERE NOT VIOLATED

#### A. Standard of Review

■ When a violation of a constitutional right is challenged through a motion to suppress, the proper appellate response is one of deference to factual findings unless they are clearly erroneous. However, this Court exercises free review over the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *State v. Weber,* 116 Idaho 449, 776 P.2d 458 (1989).

#### B. The right to counsel on the new charge was not violated.

Anderson maintains that his Sixth Amendment right to counsel was violated when Officer Terry Morgan interviewed him at the jail. He argues that since the new offense about which he was interviewed also constituted a violation of his conditions of release on the prior case being appealed, the interview violated his Sixth Amendment right to counsel.

■ Anderson had invoked his right to counsel in the prior case which was on appeal at the time he was arrested on the charge in this case. He was properly advised of his right to counsel on the new charge. Although a waiver of counsel following *Miranda* warnings is sufficient under both the Fifth and Sixth Amendments during the postindictment, custodial interrogation of a defendant, *Patterson v. Illinois,* 487 U.S. 285, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988), such waiver is not valid under the Sixth Amendment once the defendant has requested counsel. When a defendant has invoked

his right to counsel, a waiver of that right in a police-initiated interrogation is invalid, even if the waiver was voluntary, knowing, and intelligent under the traditional standard. *Michigan v. Harvey,* 494 U.S. 344, 110 S.Ct. 1176, 108 L.Ed.2d 293 (1990); *Michigan v. Jackson,* 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986). There is no showing that Anderson waived the right to counsel in the prior charge. However, Anderson's Sixth Amendment right to counsel in the prior case on appeal did not apply to the new offense even if the new offense would constitute a violation of the conditions of his release in the earlier case. "The Sixth Amendment right [to counsel], however, is offense-specific. It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced...." *McNeil v. Wisconsin,* 501 U.S. 171, 175, 111 S.Ct. 2204, 2207, 115 L.Ed.2d 158, 166–67 (1991). It does not apply to other offenses, even if they are closely related factually to the offense charged, unless those other offenses would be the same offense under the test in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Texas v. Cobb,* 532 U.S. 162, 121 S.Ct. 1335, 149 L.Ed.2d 321 (2001). There is no contention that the offense charged in Anderson's case that was on appeal was the same offense as the one about which he was questioned in the jail. Thus, although the Sixth Amendment may prevent the State from using Anderson's statements in the prior case on appeal (e.g., in proceedings to revoke his release), it does not bar the use of those statements in this case.

## IV.

### CONCLUSION

The decision of the district court is affirmed.

Chief Justice TROUT, Justices KIDWELL, EISMANN and BURDICK concur.

---

1. *See State v. Devore,* 134 Idaho 344, 2 P.3d 153

(Ct.App.2000)