148 P.3d 1240

STATE of Idaho, Plaintiff–Respondent,

v.

Kerry Richard KLINGLER,
Defendant–Appellant.

Nos. 32527, 30176.

Supreme Court of Idaho,
Coeur d'Alene, September 2006 Term.

Nov. 24, 2006.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Eric D. Fredericksen argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

TROUT, Justice.

Appellant Kerry Richard Klingler appeals from a district court decision denying his motion to suppress evidence found during a warrantless search conducted by his probation officer.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Klingler pled guilty to felony non-support of his children and was sentenced to ten years with three years fixed. The district court suspended the sentence, placing Klingler on supervised probation. As a condition of his probation, Klingler signed a consent form, allowing his probation officer to search "his person, vehicle, or residence without a search warrant." In August of 2001, Klingler was found in violation of his probation. The district court reinstated its sentence but retained jurisdiction. After Klingler successfully completed the rider, his sentence was once again suspended and he was placed on unsupervised "court probation." The district court imposed conditions on that probation, including a requirement that he not possess or use any controlled substance, but did not include a requirement that Klingler sign a written consent form allowing warrantless searches of his person or residence.

In April of 2003, Julie Guiberson, a probation officer unacquainted with Klingler heard from one of the police detectives at a routine meeting discussing current probationers (intel meeting), that Klingler "may be selling drugs." Although Guiberson does not remember with certainty who it was that reported this, it was the second time she had heard this about Klingler. Based on this information, Guiberson conducted a warrantless search of Klingler's residence where she found marijuana and methamphetamine. Following the search, Klingler was charged with trafficking in marijuana and possession of methamphetamine. Klingler moved to suppress the evidence, alleging it was obtained in violation of his rights under Article I, Section 17 of the Idaho Constitution and the Fourth Amendment of the United States Constitution.

The district court denied Klingler's motion, determining that the prior agreement from the earlier supervised probation agreeing to a warrantless search still applied. Further, the court concluded, even if the prior agreement did not apply, as a probationer Klingler was always subject to warrantless searches based on reasonable grounds, and he believed there were such grounds in this instance. After the denial of his suppression motion, Klingler entered a conditional guilty plea to trafficking in marijuana, preserving the right to appeal the district court's denial of his motion to suppress. The appeal was assigned to the Court of Appeals, which affirmed the district court's denial of the motion to suppress on the basis that there were reasonable grounds to conduct the search. Klingler filed a Petition for Review, which this Court granted.

## II.

### STANDARD OF REVIEW

"When considering a case on review from the Court of Appeals, this Court

gives serious consideration to the views of the Court of Appeals; however, this Court reviews the trial court's decisions directly." *State v. Statton*, 136 Idaho 135, 136, 30 P.3d 290, 291 (2001). "In reviewing an order granting or denying a motion to suppress evidence, the Supreme Court will defer to the trial court's factual findings unless clearly erroneous; however, free review is exercised over a trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found." *State v. McCall*, 135 Idaho 885, 26 P.3d 1222 (2001).

## III.

## DISCUSSION

### A. Consent to Warrantless Search

Klingler argues the terms of his initial supervised probation ended once that probation was revoked. The question is whether Klingler's consent to search, as a condition of his first probation, applied to his second probation. A review of the record reveals these two probation periods were discrete. In the order setting out the terms of the second probation, the district judge commented on the first probation that was revoked, observing that Klingler had been "placed on supervised probation under certain terms and conditions [and] thereafter . . . the Defendant's probation was REVOKED and the sentence previously suspended was REINSTATED. . . ." The judge did not state what these previous terms and conditions were nor indicate in any way that these prior terms applied to the current probation. The Order indicated that Klingler would be on "court probation . . . under the following terms and conditions", none of which referred to a consent to search. There is no indication that Klingler ever agreed to warrantless searches as a term of his second probation.

■ Conditions of probation, especially a waiver of a Fourth Amendment right, cannot be implied. *See State v. Miles*, 97 Idaho 396,

399, 545 P.2d 484, 487 (1976) (an exception to the warrant requirement is the consent to search when such consent is knowing and voluntary). Here, the district court imposed, both verbally and by written order, terms with which Klingler was expected to comply as part of the "court probation." While the district court could have incorporated all of the prior terms of the original probation as part of the conditions for the new unsupervised court probation, it did not do so.

■ There is a clear distinction between revocation of probation and continuing a defendant on probation with additional terms.[1] When a probationer violates probation, the judge has the option of continuing the probationer on probation, with the option of modifying the existing terms, or revoking the probation. *See* I.C. § 20–221 (granting authority to modify conditions of probation); I.C. § 20–222 (granting authority to "continue or revoke the probation" upon a probation violation). Here, the district court revoked Klingler's first probation before it reinstated his sentence. Consequently, the second probation was new and required the defendant to be notified of the terms to which he was subject. The district court failed to inform Klingler that he was subject to warrantless searches. Based on this lack of notification, the district court erred in holding that Klingler consented to warrantless searches as a condition of his second probation.

### B. Warrantless Search of an Unsupervised Probationer

■ Klingler next argues that because his second probation was a "court probation" and unsupervised, the probation department had no responsibility over him and, hence, no authority to conduct searches as a part of his probation. In effect, he argues he should be treated no differently than any ordinary citizen and should not be subjected to searches absent probable cause, even though he was clearly on probation. Under the Idaho and United States Constitutions, a warrantless

---

1. A judge may continue a person on probation after a probation violation, simply imposing additional terms to the original probation agreement; however, in these instances there is no revocation of the original probation. *See State v.* *Done*, 139 Idaho 635, 636, 84 P.3d 571, 572 (Ct.App.2003) ("As a result of the probation violations, the district court orally ruled that Done would be allowed to remain on probation with additional terms").

search is per se unreasonable unless it falls within one of the well recognized delineated exceptions. *State v. Nunez,* 138 Idaho 636, 640, 67 P.3d 831, 835 (2003). One of the exceptions to the warrant requirement is a nonconsensual search of probationers and their property by probation or parole officers. *State v. Anderson,* 140 Idaho 484, 486, 95 P.3d 635, 637 (2004) (citing *State v. Pinson,* 104 Idaho 227, 657 P.2d 1095 (Ct.App. 1983)). Klingler argues that exception applies only if the probationer is actively being supervised by a probation officer.

Although a probationer may not be on supervised probation, he or she is still subject to the supervision of the state board of correction. Idaho Code section 20–219 states in pertinent part: "The state board of correction shall be charged with the duty of supervising all persons convicted of a felony placed on probation or released from the state penitentiary on parole...." The board's supervision is not made conditional on the probation being characterized as "supervised." While the scope of the duty may vary, depending upon whether the probation is supervised or unsupervised (presumably akin to "court probation"); nevertheless, the probation department always has some continuing oversight responsibility over "persons convicted of a felony placed on probation."

 As noted above, this Court has held that "nonconsensual warrantless searches of probationers and their property by probation or parole officers constitute an exception to the warrant requirement independent of consent." *Anderson,* 140 Idaho at 486, 95 P.3d at 637. The reasonable grounds standard for a warrantless parole search requires less proof than probable cause. *Id.* In *Anderson,* this Court held that a convicted felon admitted to bail pending appeal has a lesser degree of liberty and a resulting reduced expectation of privacy; thus, police only needed a reasonable basis to conduct a warrantless search of his home. *Anderson,* 140 Idaho at 487, 95 P.3d at 638. In support of its decision in *Anderson,* the Court cited an Eighth circuit opinion that compares persons out on bail to persons on probation, holding that "a convicted person awaiting sentence is no longer entitled to a presumption of innocence or presumptively entitled to his freedom.... As with the parole and probation cases, there is a heightened need for close supervision of the convicted person's activities to protect society and the releasee himself, and the releasee is entitled only to conditional liberty...." *Id.* (citing *United States v. Kills Enemy,* 3 F.3d 1201 (8th Cir.1993)). It is difficult to see any justification for holding that a convicted person out on bail pending appeal would have a lesser degree of liberty and privacy than a convicted felon on unsupervised probation. We see no principled basis for making such a distinction and hold that probationers, supervised or unsupervised, have the same reduced expectation of privacy.

Furthermore, the probation department needs to be able to assure compliance with probation in an expedited fashion without the necessity of probable cause. The delay inherent in obtaining a warrant would make it difficult for probation officials to respond quickly to evidence of misconduct and "reduce the deterrent effect that the possibility of expeditious searches otherwise creates." *Griffin v. Wisconsin,* 483 U.S. 868, 877, 107 S.Ct. 3164, 3170, 97 L.Ed.2d 709, 719–20 (1987). Thus, a warrantless search of an unsupervised probationer's residence may be conducted upon reasonable grounds.

## C. Reasonable Grounds

The Supreme Court of the United States has held that an unsubstantiated tip provided by a police officer, whether based on firsthand knowledge or not, may be sufficient grounds to support a probationer search. *Griffin,* 483 U.S. at 879–880, 107 S.Ct. at 3171–72, 97 L.Ed.2d at 721–22. In *Griffin,* the Court held that a Wisconsin regulation allowing searches of probationers based upon "reasonable grounds," as interpreted by the Wisconsin Supreme Court, satisfied the Fourth Amendment. 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987). The regulation permitted a probation officer to conduct a warrantless search of a probationer's residence if the officer's supervisor approved and there were "reasonable grounds" to believe the probationer possessed contraband. *Id.* at 870, 107 S.Ct. at 3167, 97 L.Ed.2d at 715.

**498**

In *Griffin*, the supervisor of Griffin's probation officer received information from a detective that there "were or might be" guns in Griffin's apartment. *Id.* at 871, 107 S.Ct. at 3168, 97 L.Ed.2d at 715–16. The Court held the anonymous tip from the detective constituted "reasonable grounds" under the regulation.[2] In support of its conclusion, the Court reasoned that police may be unwilling to disclose their confidential sources to probation personnel. Further, because the probationer is in need of rehabilitation and is more likely than the ordinary citizen to violate the law, the Court concluded that the mere likelihood of facts justifying the search constitute reasonable grounds.

 Moreover, if a probationer has a drug history, courts should be more willing to find that reasonable grounds exist for a search. *Anderson*, 140 Idaho at 487–88, 95 P.3d at 638–39. In *Anderson*, this Court held that a probationer's drug history, indicating that a heightened need of supervision was necessary to protect him or her and society, is a factor for courts to consider in deciding whether reasonable grounds exist for a search.

In this case, a probation officer heard from a detective at an intel meeting, with police and probation officers present, that Klingler may be dealing drugs. It was the second time the probation officer had heard allegations about Klingler's drug use. Further, it is apparent the trial court had some concerns about Klingler's possible drug use, as evidenced by its recommendation that Klingler complete an inpatient substance abuse treatment program as well as the court's second probation order requiring him to refrain from possessing or using any controlled substance. Based on the source of the tip (a police detective), the setting in which it was received (an intel meeting re-

garding felons on probation), and conditions on Klingler's probation, the probation officer had reasonable grounds to search Klingler's residence.

## IV.

### CONCLUSION

Because a probationer on unsupervised probation is subject to the same standards justifying a warrantless search of his residence as any other probationer, the probation officer could search based only upon reasonable grounds to do so. There were reasonable grounds here and the decision of the district court denying the motion to suppress evidence seized as a result of the search is affirmed.

Chief Justice SCHROEDER, and Justices EISMANN, BURDICK and JONES concur.

---

2. The United States Supreme Court made clear that it was bound by the state court's interpretation of the state regulation. *Griffin*, 483 U.S. at 875, 107 S.Ct. at 3164, 97 L.Ed.2d at 718. In other words, the Supreme Court accepted Wisconsin's interpretation of its own state regulation that a warrantless search of a probationer may be conducted based upon "reasonable grounds" and *then* analyzed whether the regulation, as defined by this interpretation, satisfies the Fourth

Amendment. Thus, what the Court is really examining is whether a regulation allowing warrantless searches based on an anonymous tip is constitutional, recognizing "Whether or not we would choose to interpret a similarly worded federal regulation in that fashion, we are bound by the state court's interpretation, which is relevant to our constitutional analysis only insofar as it fixes the meaning of the regulation." *Id.*