# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 42225/42261

| | |
|---|---|
| STATE OF IDAHO, | ) 2015 Unpublished Opinion No. 520 |
| | ) |
| Plaintiff-Respondent, | ) Filed: June 17, 2015 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| ODILON BANDA HERNANDEZ, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order denying motion to suppress evidence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

LANSING, Judge

Odilon Banda Hernandez was convicted of possession of a controlled substance and driving under the influence of alcohol. Below, he filed a suppression motion arguing that a police officer violated the Fourth Amendment by stopping his car without reasonable suspicion. After the district court denied the motion, Hernandez conditionally pleaded guilty. He now appeals, challenging the denial of the suppression motion.

## I.

## BACKGROUND

A Filer police officer stopped Hernandez's vehicle after seeing it drive onto the fog line several times and cross over the fog line at least once in a short period of time. After stopping the vehicle, the officer made several observations that made him suspicious that Hernandez was

1

intoxicated including: bloodshot, glassy eyes; the odor of alcohol coming from inside the car; and Hernandez's admission that he had consumed five alcoholic drinks that day. The officer also discovered that Hernandez did not have a valid driver's license. Hernandez was arrested for the license offense and the officer performed an inventory search of the vehicle, eventually finding methamphetamine. Later, at the jail, Hernandez submitted to a breath alcohol test showing that his blood alcohol concentration was far over the legal limit.

Under separate case numbers, Hernandez was charged with possession of a controlled substance in violation of Idaho Code § 37-2732(c)(1), and driving under the influence of alcohol (DUI), second offense, in violation of I.C. §§ 18-8004, 18-8005(4).

Hernandez filed a suppression motion arguing that the officer lacked the reasonable suspicion required to make a traffic stop. In particular, he argued that the dash camera video did not show that he had crossed over the fog line. The case proceeded to an evidentiary hearing. There, the State put the dash camera video into evidence and the officer testified that he observed Hernandez driving on the line on several occasions and over the line at least once. The district court denied the suppression motion, holding that the video showed that Hernandez "drove along the fog line for a number of seconds" and "cross[ed] the fog line," but noting that it would not make a "conclusive determination" based upon the low-quality video. Instead, it credited the officer's testimony that he had seen Hernandez cross over the line. On that basis, the district court expressly found that Hernandez had driven over and across the line.

Thereafter, as to both charged offenses, Hernandez entered a conditional guilty plea reserving the right to appeal the denial of his suppression motion. After a sentencing hearing, the court imposed a unified sentence of five years in prison, with two years fixed for the possession charge, but the sentence was suspended with Hernandez placed on probation. He was also sentenced to 365 days of jail for the DUI case, but that sentence was likewise suspended.

Hernandez took an appeal in both cases, and his appeals were consolidated. He argues that the district court erred by finding that he crossed over the fog line.

## II.

## ANALYSIS

Hernandez concedes Idaho Code § 49-630(1), as interpreted by this Court, is violated when a car crosses over the fog line onto the shoulder, *see, e.g.*, *State v. Slater*, 136 Idaho 293, 298, 32 P.3d 685, 690 (Ct. App. 2001); *State v. Anderson*, 134 Idaho 552, 555, 6 P.3d 408, 411

(Ct. App. 2000), and he does not challenge that interpretation of the statute. Instead, Hernandez challenges the district court's factual determination that he crossed over the fog line. He notes that the officer testified that he observed Hernandez crossing over the fog line and that the district court found that testimony credible. Nonetheless, he argues that the district court erred because the video evidence is "inconclusive" and because he did not, in fact, cross over the line.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*.

The trial court is the proper forum for the careful sifting of the unique facts and circumstances of each case. *State v. Linenberger*, 151 Idaho 680, 686, 263 P.3d 145, 151 (Ct. App. 2011); *see also Schneckloth v. Bustamonte*, 412 U.S. 218, 233 (1973). Our standard of review requires that we accept a trial court's factual findings unless they are clearly erroneous. *State v. Hansen*, 138 Idaho 791, 795, 69 P.3d 1052, 1056 (2003); *State v. McCall*, 135 Idaho 885, 886, 26 P.3d 1222, 1223 (2001). Findings will not be deemed clearly erroneous if they are supported by substantial evidence in the record. *State v. Benson*, 133 Idaho 152, 155, 983 P.2d 225, 228 (Ct. App. 1999).

Here, the district court's factual determination is supported by substantial evidence. As the officer testified, "[t]he video isn't extremely clear" because of the video quality and the lighting conditions. It shows that Hernandez drove on the line for some time but is unclear as to whether he crossed over the line. Nevertheless, it does not demonstrate error in the court's decision to credit the officer's testimony that the vehicle drove on the line on two or three occasions and over the line once, for the video does not clearly contradict the officer's testimony.

3

Accordingly, we conclude that the district court's finding is supported by substantial evidence and that Hernandez has failed to show error.

The order denying Hernandez's suppression motion and the judgment of conviction are affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR.**