## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 47479

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 5, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| RUSSELL DAVIS GREENAWAY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. Gene A. Petty; Hon. Susan E. Wiebe, District Judges.

Judgment of conviction for possession of a controlled substance, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Russell Davis Greenaway appeals from his judgment of conviction for possession of a controlled substance. Specifically, Greenaway appeals the district court's denial of his motion to suppress. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

The district court found the following facts related to Greenaway's appeal in its order denying his motion to suppress:

In July of 2016, [Greenaway] pled guilty to Battery and Disturbing the Peace. He was placed on a two-year period of supervised probation in Case CR-2015-1470. The terms of [Greenaway's] probation were:

[Greenaway] will submit to search without a warrant of his or her person, residence, vehicle, or any other property over which he or

1

she has reasonable expectation of privacy, if the probation officer requests. . . .

On February 22, 2018, a canine sniff and search of [Greenaway's] home and surrounding area took place. Several Gem County officers and [Greenaway's] probation officer were there to execute the search. A narcotics canine was deployed inside the residence, which yielded negative results. Next, the canine entered an outbuilding on the property. Once inside, two smoking pipes and a small bag of a green leafy substance were located . . . .

Prior to conducting the search, there was no request to search made of [Greenaway] by his probation officer or any other law enforcement officer. In fact, law enforcement and probation specifically planned to conduct the search while [Greenaway] was out of the residence and meeting with his probation officer. This was allegedly due to prior violent interactions with [Greenaway]. The search began prior to [Greenaway] learning of the search and no member of law enforcement or probation made a request to search [Greenaway's] residence or property.

As a result of this search, the State charged Greenaway with felony possession of a controlled substance, Idaho Code § 37-2732(c)(1); misdemeanor possession of a controlled substance, I.C. § 37-2732(c)(3); and possession of drug paraphernalia, I.C. § 37-2734(A). Greenaway filed a motion to suppress, arguing the warrantless search was unlawful because his Fourth Amendment waiver required his probation officer to make a request to search his property, but no such request was made. The State opposed the motion, arguing the search was lawful based on a reasonable suspicion that Greenaway had violated the terms of his probation and also because the owner of Greenaway's home purportedly consented to the search.

Following an evidentiary hearing, the district court ruled that Greenaway's Fourth Amendment waiver did not provide a basis for the search because no one requested to search his home and because the property owner did not consent to the search. The district court found, however, that "there was reasonable suspicion to believe [Greenaway] was violating the terms of his probation" based on his probation officer's testimony. The testimony included that Greenaway had missed three probation appointments and had positive urinalysis test results on five different occasions, including for amphetamines, methamphetamine and opiates. Accordingly, the district court denied Greenaway's motion to suppress, ruling reasonable suspicion that Greenaway was violating the terms of his probation justified the warrantless search.

Thereafter, Greenaway conditionally pled guilty to felony possession of a controlled substance and reserved his right to appeal. In exchange, the State dismissed the remaining charges. Greenaway timely appeals the denial of his motion to suppress.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Greenaway challenges the district court's conclusion that the warrantless search did not violate his Fourth Amendment rights. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.*

On appeal, Greenaway argues the district court erred in denying his motion to suppress "because the officers who conducted a warrantless search of his residence did not request permission from him before conducting the search, and the search was thus not within the scope of his Fourth Amendment waiver." This argument, however, misconstrues the court's ruling. Contrary to Greenaway's argument, the court specifically ruled that "because no one made a request of [Greenaway] to search his home, the Fourth Amendment waiver *cannot* provide a basis for the warrantless search." (Emphasis added.) In other words, the court did not rule adversely against Greenaway on this issue. It is well-settled that in order for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for assignment of error.

3

*State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 160 (Ct. App. 2008); *State v. Amerson*, 129 Idaho 395, 401, 925 P.2d 399, 405 (Ct. App. 1996). Because the court did not rule against Greenaway on the issue, we do not address the merits of Greenaway's argument.

Greenaway does not challenge--with either argument or authority--the actual basis for the district court's denial of his motion to suppress, i.e., reasonable suspicion that Greenaway had violated the terms of his probation justified the warrantless search. Rather, he is "mindful" that this unchallenged ruling is the basis for the court's denial of his motion. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

Nonetheless, we hold the court did not err by denying Greenaway's motion to suppress. In its order denying the motion, the district court relied in part on *State v. Klingler*, 143 Idaho 494, 148 P.3d 1240 (2006). In that case, the Supreme Court noted that probationers have "a lesser degree of liberty and a resulting reduced expectation of privacy" and that "the delay inherent in obtaining a warrant would make it difficult for probation officials to respond quickly to evidence of misconduct and reduce the deterrent effect that the possibility of expeditious searches otherwise creates." *Id.* at 497, 148 P.3d at 1243 (quotations omitted). For these reasons, a nonconsensual warrantless search of a probationer and his property constitutes an exception to the warrant requirement independent of consent, and only a reasonable basis is necessary to conduct a probation search. *Id.*

Addressing the information that may constitute a reasonable basis to support a warrantless search, the *Klingler* Court noted that even an "unsubstantiated tip provided by a police officer, whether based on firsthand knowledge or not, may be sufficient grounds to support a probationer search." *Id.* Further, the Court ruled that "if a probationer has a drug history, courts should be more willing to find that reasonable grounds exist for a search." *Id.* at 498, 148 P.3d at 1244; *see also State v. Pinson*, 104 Idaho 227, 233, 657 P.2d 1095, 1101 (Ct. App. 1983) ("[A] probation officer may make a warrantless search of a probationer if (a) he has reasonable grounds to believe that the probationer has violated some condition of probation and (b) the search is reasonably related to disclosure or confirmation of that violation."). Based on these rules and the probation officer's testimony that Greenaway had missed appointments and had multiple positive urinalysis test results, the district court correctly concluded reasonable grounds existed to believe Greenaway had violated the terms of his probation.

4

## IV.

## CONCLUSION

The district court did not err by concluding reasonable suspicion that Greenaway had violated the terms of his probation justified the warrantless search of his property. Accordingly, we affirm the order denying the motion to suppress.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.