IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43873

| STATE OF IDAHO, | ) | 2017 Opinion No. 20 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: March 6, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRYAN A. SANTANA, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. D. Duff McKee, District Judge. Hon. Dan C. Grober, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming order granting motion to suppress, <u>reversed</u> <u>and</u> <u>remanded</u>.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for appellant.

Tera A. Harden, Canyon County Public Defender; Barbara Ferre, Deputy Public Defender, Caldwell, for respondent.

_____

MELANSON, Judge

The State appeals from the district court's order on intermediate appeal affirming the magistrate's order granting a motion to suppress evidence seized during a search of Bryan A. Santana's residence. For the reasons set forth below, we reverse the district court's order and remand to the magistrate for further proceedings.

## I.

## FACTS AND PROCEDURE

Santana pled guilty to a charge of driving under the influence and was placed on probation. At sentencing, the magistrate used a preprinted form containing optional conditions

1

of probation, checking off the conditions that applied to Santana. The form contained an optional condition of a Fourth Amendment waiver, which was not checked. The magistrate did not orally pronounce that a Fourth Amendment waiver was a condition of Santana's probation. The magistrate did require that Santana comply with all rules and reporting requirements of the probation department. Santana was also ordered to not consume alcohol or any other mood-altering substance unless prescribed by a physician.

Almost six weeks after sentencing, Santana's probation officer required Santana to sign a probation agreement. The probation agreement contained a Fourth Amendment waiver, authorizing any law enforcement officer, peace officer or probation officer to search Santana and his residence. When Santana signed the probation agreement, he admitted in writing that he used alcohol and marijuana three days earlier. Two days after this admission, Santana tested positive for marijuana. Twelve days later, Santana's probation officer and a police officer conducted a warrantless search of Santana's home. Santana was not present and did not consent to the search. The search revealed marijuana and drug paraphernalia. Santana was subsequently charged with possession of marijuana and drug paraphernalia.

Santana filed a motion to suppress, arguing that the search violated his Fourth Amendment rights. Specifically, Santana argued that the search was conducted without his consent and that the State lacked the requisite reasonable grounds. The magistrate found that the Fourth Amendment waiver was not a valid condition of Santana's probation because it was not announced in the oral pronouncement of his sentence nor set forth in the probation order. The magistrate commented that there was disagreement among other judges as to whether the probation agreement could set a Fourth Amendment waiver as a condition of probation when it is not contained in the probation order. The magistrate granted Santana's motion to suppress and encouraged the State to appeal so other judges would have guidance for future cases.

The State appealed to the district court. On intermediate appeal, the district court affirmed the magistrate's order suppressing evidence. The district court concluded that the probation order, not the probation agreement, set the substantive terms of probation. The district court alternatively affirmed on the basis that the State did not have the requisite reasonable grounds to conduct a search of Santana's residence. The State again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

### A. Fourth Amendment Waiver as Condition of Probation

On appeal, the State argues the probation agreement provided for a Fourth Amendment waiver as a condition of Santana's probation. Specifically, the State asserts that the probation order contemplated a Fourth Amendment waiver by requiring Santana to cooperate with the rules and terms of the probation department. Idaho Code Section 19-2601(2) vests the sentencing court with the authority to set the substantive terms and conditions of probation. The statute does not mention the probation department, and the Idaho Supreme Court has stated that the

3

probation order, not the probation agreement, sets the conditions of probation. *Franklin v. State*, 87 Idaho 291, 296, 392 P.2d 552, 554 (1964).

However, the failure to include the conditions of probation in the probation order is not dispositive in every case. *See Ex Parte Medley*, 73 Idaho 474, 480-81, 253 P.2d 794, 797-98 (1953). In *Medley*, the Court determined that the failure to include the conditions of probation in the probation order was not fatal because the sentencing court orally advised the probationer of the condition. *Id.* Moreover, the probationer acknowledged that he was aware of the condition before accepting probation. The Court reasoned that the probationer had notice of the condition and knew what was expected of him. *Id.* In another case, the order of probation simply referred to the terms and conditions set forth in the probation agreement, but the order itself did not contain the conditions of probation. *State v. Mummert*, 98 Idaho 452, 454, 566 P.2d 1110, 1112 (1977). In *Mummert*, the Idaho Supreme Court allowed the probation agreement to set forth the substantive conditions of probation because the agreement was provided to the defendant in court, at the time of the order, and in the presence of the judge. Thus, the validity of a Fourth Amendment waiver as a condition of Santana's probation hinges on whether he received notice of the condition at the time of sentencing.

A defendant has the right to decline probation when he or she deems its conditions too onerous and may, instead, serve the suspended portion of the sentence. *State v. McCool*, 139 Idaho 804, 807, 87 P.3d 291, 294 (2004); *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987). It is essential that defendants receive notice of the substantive conditions of their probations at sentencing for two reasons. First, notice apprises defendants of what conduct the court expects of them. *See Medley*, 73 Idaho at 480-81, 253 P.2d at 797-98. Second, notice affords defendants the opportunity to consider the terms and determine whether to accept probation. *See McCool*, 139 Idaho at 807, 87 P.3d at 294.

In the instant case, Santana did not receive notice at sentencing that a Fourth Amendment waiver would be a condition of his probation. In fact, the sentencing court specifically omitted the checkbox for a Fourth Amendment waiver on the probation order. The court likewise did not mention a Fourth Amendment waiver as a condition of probation during oral pronouncement of Santana's sentence. Santana was not apprised that he would be consenting to searches of his residence. Likewise, Santana was not afforded the opportunity to consider the Fourth

4

Amendment waiver before deciding to accept probation. Thus, the Fourth Amendment waiver was not a condition of Santana's probation.

Probation is an agreement between the court and the probationer. The probation order sets the substantive conditions of the probation and represents the agreement between the probationer and the court. The probation agreement is in the nature of an administrative document that procedurally sets forth how the substantive conditions will be enforced. For example, the probation order may require a probationer to submit to drug tests as a condition of probation. The probation agreement could then set forth the time and place the drug tests would be conducted; however, it could not expand the condition to include a search of the probationer's vehicle at the time of the drug test. Our determination does not mean that a probation agreement may never set the conditions of probation.[1] Rather, we hold that only the sentencing court may set the substantive conditions of probation. Thus, because Santana's probation agreement was prepared by his probation officer and signed nearly six weeks after the sentencing court ordered Santana's probation, the Fourth Amendment waiver in the probation agreement was not a valid condition of Santana's probation.

**B.      Probation Agreement as Basis for Consent to Search**

The State argues that, even if the probation agreement did not set a substantive condition of probation, Santana consented to the search of his residence when he signed the probation agreement containing the Fourth Amendment waiver. Although a warrantless entry or search of a residence is generally illegal and violative of the Fourth Amendment, such an entry or search may be rendered reasonable by an individual's consent. *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998). In such instances, the State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). The State must show that consent was not the result of duress or coercion, either direct or implied. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973); *State v. Whiteley*, 124 Idaho 261, 264, 858

---

[1]      In *Mummert* for example, the probation agreement set the conditions of probation where it was presented to the probationer at the same time as the probation order stating that all conditions of probation would be set forth in the probation agreement. *Mummert*, 98 Idaho at 454, 466 P.2d at 1112.

P.2d 800, 803 (Ct. App. 1993). The voluntariness of an individual's consent is evaluated in light of all the circumstances. *Whiteley*, 124 Idaho at 264, 858 P.2d at 803. Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). Whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances. *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003).

In the instant case, Santana reported to the probation department pursuant to a condition of probation as set forth in the probation order. Santana's probation officer provided Santana the probation agreement and required him to sign it. When Santana was told to sign the probation agreement, he did not have an attorney present and was not advised that he had the right to have an attorney present. This distinguishes Santana's circumstances because, generally, the probation agreement is provided to a probationer with the probation order at sentencing where an attorney is present. In light of these facts, Santana did not choose to waive his Fourth Amendment rights. Rather, he signed the probation agreement because he believed doing so was a condition of his probation. It is unlikely Santana would waive his Fourth Amendment rights unless he believed he was required to under the terms of his probation. Mere acquiescence to a claim of authority does not amount to consent. *State v. Huskey*, 106 Idaho 91, 94, 675 P.2d 351, 354 (Ct. App. 1984). Thus, insofar as Santana consented to the search of his residence by signing the probation agreement, his consent was the product of coercion. Santana did not consent to the search of his residence when he signed the probation agreement containing the Fourth Amendment waiver. Accordingly, the district court did not err in granting Santana's motion to suppress in this regard.

## C.     Warrantless Search

The State argues that, even if Santana did not waive his Fourth Amendment rights, there was reasonable suspicion that evidence of a probation violation would be found in his residence. A condition of Santana's probation was that he not consume alcohol or any other mood-altering substance unless prescribed by a physician. Almost six weeks after that condition was set forth in the probation order, Santana admitted in writing that he used alcohol and marijuana three days earlier. Two days later, Santana tested positive for marijuana use. Twelve days later, based on this information, the probation department initiated a search of Santana's residence. The

6

magistrate concluded this information was insufficient to support reasonable suspicion. Specifically, the magistrate determined that the length of time after Santana's admission and the absence of facts indicating drugs would be in his residence rendered the information too remote to justify a search.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* Even in the absence of a warrantless search condition, a parole or probation officer may conduct a search of a parolee or probationer and his or her residence if the officer has reasonable grounds to believe that the parolee or probationer has violated a parole or probation condition and the search is reasonably related to the disclosure or confirmation of that violation. *See State v. Klingler*, 143 Idaho 494, 497-98, 148 P.3d 1240, 1243-44 (2006).

In *Klingler*, the Idaho Supreme Court upheld the warrantless search of an unsupervised probationer's residence based upon an unsubstantiated tip from police that Klingler may be dealing drugs, coupled with the probationer's drug history which indicated a heightened need for supervision. *Id.* at 498, 148 P.3d at 1244. Thus, the mere likelihood of facts justifying the search can be sufficient to constitute reasonable grounds. *Id.*; *see also State v. Anderson*, 140 Idaho 484, 487-88, 95 P.3d 635, 638-39 (2004) (unconfirmed tips from a neighbor regarding detected odor of suspected methamphetamine lab, coupled with prior drug history and other rumors, sufficient to establish reasonable grounds or reasonable suspicion for warrantless search as a condition of bail pending appeal).

There is no magic number of days before information becomes stale. *State v. Gomez*, 101 Idaho 802, 808, 623 P.2d 110, 116 (1980). Rather, the question of whether information is fresh or stale must be analyzed in light of the circumstances. *Id.* An important factor in the staleness analysis is the nature of the criminal conduct. *Id.* Additionally, if the crime suspected of is of a protracted or continuous nature, a time delay in the sequence of events is of less significance. *State v. Alexander*, 138 Idaho 18, 24, 56 P.3d 780, 786 (Ct. App. 2002).

7

In this case, Santana admitted to violating a condition of his probation by ongoing use of alcohol and marijuana. Because the underlying charge involved substance abuse and Santana admitted to ongoing substance abuse, these probation violations can be characterized as a crime of protracted nature. *See id.* (holding that certain nefarious activities, such as narcotics trafficking, are continuous in nature and, as a result, are less likely to become stale even over an extended period of time.) Additionally, the search occurred only twelve days after a drug test confirmed Santana's marijuana use. Based on these facts, the information was not too stale to establish reasonable grounds. Thus, the probation officer had the requisite reasonable grounds to search Santana's residence even without a valid Fourth Amendment waiver. Accordingly, the magistrate erred in concluding that the probation officer lacked the requisite reasonable suspicion to search Santana's residence. Because there was reasonable suspicion to search Santana's residence, the district court erred in suppressing the evidence.

## IV.

## CONCLUSION

A Fourth Amendment waiver was not a condition of Santana's probation, and Santana did not consent to a search of his residence by signing the probation agreement. However, Santana's probation officer had reasonable grounds to suspect that evidence of a probation violation would be in Santana's residence. Thus, the search of Santana's residence did not violate the Fourth Amendment, and the district court erred in affirming the magistrate's order suppressing evidence. Accordingly, the district court's order, affirming the magistrate on intermediate appeal, is reversed and the case is remanded to the magistrate for further proceedings.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.