**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45403**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 12, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CLARISSA MAE GOUGE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Memorandum decision and order denying defendant's motion to suppress, <u>reversed</u>; judgment of conviction, <u>vacated</u>; case <u>remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Clarissa Mae Gouge appeals from the judgment of conviction. She asserts the district court erred when it denied her motion to suppress by finding her consent to search was freely and voluntarily given. The district court's memorandum decision and order denying her motion to suppress is reversed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In December 2016, Gouge was sentenced for possession of a controlled substance. As part of her sentence, the district court placed Gouge on probation and ordered her to "submit to searches of your person . . . without a search warrant at the request of your probation officer." At the probation violation hearing in this case, Gouge testified that following her sentencing hearing, her probation officer told her to sign a paper giving her consent for searches by law

1

enforcement. Gouge testified she signed the document, a probation agreement, because she thought it was a condition of her probation.

The facts giving rise to this case are as follows: in March 2017, an officer drove by a vehicle at a gas station. As he did, the officer observed the three occupants of the vehicle become nervous and one of the occupants trying to hide his face. The officer pulled in behind the vehicle, approached the vehicle, and contacted the occupants. One of the occupants was Gouge. The officer asked if any of the occupants were on probation. Gouge and one other occupant answered they were on probation. The officer then asked if as "part of your probation do you guys sign a search clause?" Gouge affirmed that she had. Continuing, the officer asked, "Would you guys both be willing to consent to a search of your person?" The officer then explained, "We just like to do probation checks, make sure you guys are, you know, following along and not doing things that are going to get you into trouble again." The officer asked Gouge to exit the vehicle, conducted a search of Gouge, and discovered a small baggie of methamphetamine. At the subsequent probation violation evidentiary hearing, Gouge testified she agreed to the search only "because I thought that it was a hundred percent stipulation that I had to do that because that's what my P.O. told me to do" and that "I was just trying to follow my probation."

The State charged Gouge with possession of a controlled substance, felony, Idaho Code § 37-2732(c)(1). Gouge filed a motion to suppress the methamphetamine evidence arguing that her consent to search had been coerced by the unlawful agreement her probation officer had her sign which required her to submit to searches by law enforcement. At the suppression hearing, the district court found Gouge credible in remembering she signed a probation agreement requiring her to submit to searches by law enforcement. Nonetheless, in its written order, the district court denied Gouge's motion to suppress, holding that Gouge presented no evidence about the probation agreement's terms and that the probation agreement was not linked to the consent Gouge gave the officer. Thus, the district court held Gouge freely and voluntarily consented to the officer's search.

Gouge entered a conditional guilty plea, reserving the right to appeal the district court's denial of her motion to suppress. The district court sentenced Gouge to a suspended, unified seven-year term, with three years determinate, and placed Gouge on probation. Gouge appeals to this Court.

## II.

### STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

### ANALYSIS

Gouge argues the district court erred when it denied her motion to suppress. Specifically, she argues the district court erred by holding that there was no evidence of the term of the probation agreement requiring Gouge to submit to searches by law enforcement. She also argues the district court erred by concluding the State met its burden to show Gouge's consent was not coerced.

In this case, the district court's legal conclusions are a result of clearly erroneous factual findings. The district court specifically notes:

> Assuming this was a probation search (which the Court does not find) and assuming there is evidence somewhere that Gouge was presented with supplemental terms and conditions of probation (with which the Court was not presented), the Court finds such consent by Gouge given to her probation officer, was coerced.

A review of the evidence presented at the suppression hearing shows that Gouge presented evidence about the terms of her probation agreement and that the search was a probation search. Although Gouge did not submit a copy of the probation agreement, she testified about the origin of the probation agreement and its term requiring her to submit to law enforcement searches. The district court acknowledged this evidence of the probation agreement and found Gouge's testimony about the agreement and its term to be credible. Together, Gouge's testimony, the video of the encounter, and the district court's credibility determination provide substantial and competent evidence that Gouge's probation officer required her to sign a probation agreement

3

requiring Gouge to submit to searches by law enforcement. The district court's finding that Gouge presented no evidence regarding the agreement was clearly erroneous.

In light of the fact that Gouge did present evidence of the probation agreement, we turn to whether Gouge's consent to search was coerced. Idaho Code § 19-2601(2) vests the sentencing court with the authority to set the substantive terms and conditions of probation. The statute does not mention the probation department, and the Idaho Supreme Court has stated that the probation order, not the probation agreement, sets the conditions of probation. *Franklin v. State*, 87 Idaho 291, 296, 392 P.2d 552, 554 (1964). A probation agreement is an administrative document that procedurally sets forth how the substantive conditions of a probation order will be enforced. *State v. Santana*, 162 Idaho 79, 83, 394 P.3d 122, 126 (Ct. App. 2017). The validity of a waiver of a probationer's Fourth Amendment rights "hinges on whether he received notice of the condition at the time of sentencing." *Id.*

Here, the substantive terms of probation ordered by the district court only required Gouge to consent to searches by her probation officer, not law enforcement. On this issue, the district court specifically found that "Gouge did not consent to the [officer's] search by law enforcement when she agreed to the terms and conditions of her probation." The probation agreement's expansion of Gouge's Fourth Amendment waiver to include consent to searches by law enforcement was a substantive change to Gouge's terms of probation that occurred after sentencing and outside the presence of the district court. Thus, the probation agreement's expanded waiver was unlawful.

The district court noted that if the search was a probation search, Gouge's consent would be coerced. However, the district court found the search was not a probation search. That factual finding is clearly erroneous. A video of the officer's encounter with Gouge was admitted as evidence. In the video, the officer's questioning and conversation show he requested Gouge's consent pursuant to the probation agreement's search clause. First, the officer asked if Gouge was on probation. Second, the officer asked if Gouge had signed a search clause as part of her probation. Third, the officer asked Gouge for consent to search. The officer then explained, "We just like to do probation checks, make sure you guys are, you know, following along and not doing things that are going to get you into trouble again." Isolating the officer's question about consent to search from the larger context of the officer's questioning regarding a probation search led the district court to the erroneous factual conclusion that the search was not a

4

probation search. The overall conversation signaled to Gouge that she was being searched pursuant to her probation agreement and that she was bound by its expanded Fourth Amendment waiver. In fact, Gouge testified that she only consented to the search "because I thought that it was a hundred percent stipulation that I had to do that because that's what my P.O. told me to do" and that "I was just trying to follow my probation." Thus, we conclude that the district court's factual finding that Gouge's consent was not linked to a probation search was clearly erroneous.

The district court noted that if it found there was evidence of the probation agreement and if the search was conducted as part of a probation search, Gouge's consent would be coerced. Because both of the factual prerequisites occurred, the district court erred in denying the motion to suppress because Gouge's consent was coerced by her probation officer.

This conclusion accords with this Court's decision in *Santana*. There, at a defendant's sentencing, the district court did not include a Fourth Amendment waiver as a term of probation. *Santana* at 81, 394 P.3d at 124. Roughly six weeks after sentencing, without the defendant's counsel present, a probation officer required the defendant to sign an agreement authorizing any law enforcement officer, peace officer, or probation officer to search the defendant or his residence. *Id.* at 82, 394 P.3d at 125. Two weeks after signing the agreement, while the defendant was not at home, his probation officer and a police officer conducted a warrantless search of his home, which revealed evidence of marijuana and drug paraphernalia. *Id.* The State argued that the defendant consented to the search by signing the probation agreement and its Fourth Amendment waiver. *Id.* at 84, 394 P.3d at 127. This Court held that the Fourth Amendment waiver was not a valid condition of probation because the district court did not include the waiver in its order. *Id.* The Court reasoned that the defendant likely agreed to the probation agreement only because he believed doing so was a term of his probation, especially since the agreement was signed outside the presence of defense counsel. *Id.* Therefore, this Court held that insofar as the defendant consented to the search of his residence by signing the probation agreement, his consent was the product of coercion. *Id.*

Like *Santana*, the district court here did not include a Fourth Amendment waiver for law enforcement searches in Gouge's terms of probation. Gouge signed her expanded waiver after sentencing and outside the presence of counsel. Gouge's testimony shows that she only agreed to the expanded waiver because she believed it was required under the district court's order of

5

probation. Any consent given by Gouge was therefore, coerced. Thus, our conclusion that Gouge's consent was coerced accords with this Court's holdings in *Santana.*

## IV.

## CONCLUSION

Because the district court erred in finding there was no evidence of Gouge's probation agreement and because the district court erred in concluding the probation agreement was unrelated to Gouge's consent, the district court's denial of Gouge's motion to suppress must be vacated, the judgment of conviction reversed, and the case remanded.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.