**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46487**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 4, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| HOLLIE WINNETT, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas J. Ryan, District Judge.

Judgment of conviction for felony possession of a controlled substance, misdemeanor possession of a controlled substance, and two counts of possession of drug paraphernalia, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant. R. Jonathan Shirts argued.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

LORELLO, Judge

Hollie Winnett appeals from her judgment of conviction for felony possession of a controlled substance, misdemeanor possession of a controlled substance, and two counts of possession of drug paraphernalia. Winnett argues that the district court erred in denying her motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While Winnett was on probation for a previous conviction, two probation officers went to her approved residence for a residence check. Winnett's daughter answered the door and told

1

the probation officers Winnett no longer lived there and had moved in with her mother. The probation officers then visited Winnett at her workplace to ask about the move. Winnett admitted that she had moved without informing her probation officer and confirmed her new address. Subsequently, the probation officers went to the address Winnett provided.

When they arrived at the address Winnett provided, the probation officers spoke with Winnett's mother and stepbrother. They advised the probation officers that Winnett was living in the residence and storing some belongings in a camper on the property. Winnett's stepbrother allowed the probation officers to inspect both the residence and the camper. Upon entering the camper, one of the probation officers observed drug paraphernalia protruding from a handbag that was sitting in plain view. When asked whether there was additional contraband in the residence, Winnett's mother revealed marijuana and additional drug paraphernalia inside the residence. Winnett later claimed ownership of the contraband found in the camper.

The State charged Winnett with one felony count of possession of a controlled substance, I.C. § 37-2732(c)(1); one misdemeanor count of possession of a controlled substance, I.C. § 37-2732(c)(3); and two counts of possession of drug paraphernalia, I.C. § 37-2734A(1). Winnett moved to suppress the evidence discovered in her mother's residence and the camper.[1] The district court denied Winnett's motion to suppress, concluding the search of the residence and camper was reasonable. Winnett entered a conditional guilty plea to all four charges. Winnett appeals, challenging the denial of her motion to suppress.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

---

[1]     Winnett also sought suppression of statements allegedly obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Winnett does not challenge the district court's decision on the alleged *Miranda* violation.

2

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Winnett argues that the district court erred in denying her motion to suppress. Specifically, Winnett contends that the warrantless search of the camper was unnecessary to confirm she had violated her probation. The State argues that the district court correctly concluded that searching the camper was part of a lawful probation search. The State further argues that, even if the district court erred, the case should be remanded for consideration of alternative justifications for the search. We hold that the search of the camper was a lawful probation search.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* Probation officers may search probationers, their residences, or vehicles when there are reasonable grounds to believe that a probation violation has occurred and the search is reasonably related to the disclosure or confirmation of that violation. *See State v. Klingler*, 143 Idaho 494, 497-98, 148 P.3d 1240, 1243-44 (2006); *State v. Adams*, 146 Idaho 162, 164, 191 P.3d 240, 242 (Ct. App. 2008).

The district court concluded that the search of the camper was a lawful probation search. In reaching this conclusion, the district court made several findings relevant to the probation officers' belief that Winnett had violated her probation by residing in an unapproved location.[2]

---

[2]   Winnett concedes that she was subject to the following probation condition regarding her residence:

> I will reside in a location approved by my probation/parole officer. I will not change my approved place of residence without first obtaining permission from my probation/parole officer.

Although Winnett concedes there were reasonable grounds to believe she violated her probation, she argues that searching the camper was unlawful because doing so was unnecessary to confirm a violation she had already admitted. We disagree.

Probation officers may conduct a warrantless search of a probationer's residence if there are reasonable grounds to believe a probation violation has occurred and the search is reasonably related to disclosing or confirming that violation. *State v. Santana*, 162 Idaho 79, 85, 394 P.3d 122, 128 (Ct. App. 2017). The mere likelihood of facts justifying a search can be sufficient to constitute reasonable grounds. *Id.* Here, searching the camper was reasonably related to confirming Winnett had violated her probation by moving to an unapproved residence. A reasonable probation officer aware of Winnett's admission to moving could conclude that searching her new residence might lead to the discovery of physical evidence, like clothing or mail addressed to Winnett, corroborating her admissions. The same rationale applies to the search of the camper as the probation officers were aware that Winnett was storing property within it. Once the probation officers had reasonable grounds to believe a probation violation had occurred, they were not limited to obtaining only a certain quantum of evidence. Thus, Winnett's admission to moving and her family members' corroborating statements did not preclude the probation officers from searching the camper.

In sum, the probation officers had reasonable grounds to believe Winnett had violated her probation by moving to an unapproved residence and the search of camper was reasonably related to confirming that violation. Therefore, the warrantless search of the camper by probation officers was a lawful probation search. *See id.* Winnett has failed to show the district court erred in denying her motion to suppress.[3]

## IV.

## CONCLUSION

The district court correctly concluded that the search of the camper was part of a lawful probation search. Thus, Winnett has failed to show that the district court erred in denying her motion to suppress. Consequently, Winnett's judgment of conviction for felony possession of a

---

[3]     Because we uphold the search under the probation search exception, it is unnecessary to consider the State's arguments for a remand to permit consideration of alternative justifications for the search.

controlled substance, misdemeanor possession of a controlled substance, and two counts of possession of drug paraphernalia are affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.